IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Stanley Van Hoose, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 08 C 6360 ) ) Suzanne B. Conlon, Judge |
| City of Chicago, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Stanley Van Hoose *pro se* sues the City of Chicago for employment discrimination, alleging the city failed to hire him because of his race, color and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 and the Age Discrimination Employment Act. The city moves for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

### I. Local Rule 56.1

In its statement of undisputed material facts, the city set forth a proposed list of 50 material facts with specific references to affidavits and other supporting materials. Though Van Hoose filed an appendix of exhibits in support of his Local Rule 56.1(b) statement and attached Exhibits 1 thru 5:4, he failed to comply with Local Rule 56.1 in its entirety. Van Hoose did not admit or deny the city's facts; file a concise response to each numbered paragraph in the city's statement; include specific references to affidavits or other supporting materials concerning the city's facts with which he disagreed; or file a statement of any additional facts supported by

citations to the record. L.R. 56.1(b); *Greer v. Bd. of Educ. of the City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001); *Banks v. Archer/American Wire*, No. 04 C 3026, 2005 WL 2007227, at *1 (N.D. Ill. Aug. 17, 2005) (Nolan, J.).

Although pleadings are liberally construed in favor of a *pro se* plaintiff, he is required to comply with Local Rule 56.1. *Banks*, 2005 WL 2007227, at *1 (citing *Greer*, 267 F.3d at 727)). Because Van Hoose did not do so, the city's facts supported by citations to the record are deemed admitted. L.R. 56.1 (b)(3)(B); *Banks*, 2005 WL 2007227, at *1; *Greer*, 267 F.3d at 727 ("[e]mployment discrimination cases are extremely fact-intensive, and neither appellate courts nor district courts are 'obliged in our adversary system to scour the record looking for factual disputes. . . .'") (quoting *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994)). Similarly, any additional facts that Van Hoose failed to include in a separate statement with specific supporting citations are disregarded. *Id.* This includes the exhibits that Van Hoose filed without any corresponding affidavit or declaration. *Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004).

## II. Relevant Facts

In April 2008, the city posted an on-line job announcement for the position of building/construction inspector in the Department of Buildings. Def. Fact at ¶ 14. The qualifications section of the announcement stated:

> Successful completion of a U.S. Department of Labor registered building trade apprenticeship training program and journeyman status, supplemented by two years of progressively responsible journey level building grade experience, or five years of progressively responsible skilled building construction or building inspection experience, or graduation from an accredited college or university with a Bachelors degree in Architecture or construction related engineering, or an equivalent combination of training and experience. . . .

2

*Id.* at ¶ 15. There was no age requirement for the position. *Id.* at ¶¶ 14, 18. The corresponding on-line application included three pre-screening questions regarding minimum qualifications for the position: whether the applicant would be a resident of the city at the time of employment; whether the applicant possessed a valid State of Illinois driver's license; and the extent of the applicant's education and professional work experience by selecting one of the six pre-written statements. *Id.* at ¶ 17. The application did not request information regarding an applicant's race or color. *Id.* at ¶ 19.

Between approximately April 22, 2008 and May 6, 2008, the city received about 291 applications, including one from Van Hoose submitted on or about May 4, 2008. *Id.* at ¶¶ 16, 29. The city's computer system automatically reviewed each applicant's responses to the pre-screening questions and disqualified those applicants who did not meet the minimum qualifications based upon each applicant's answers. *Id.* at ¶ 20. Phyllinis Easter, a Department of Human Resources recruiter, then reviewed the remaining applications to ensure that resume information in the remaining applications supported the corresponding responses given to the pre-screening questions. *Id.* at ¶¶ 21-23. Easter placed the 63 applications that passed her review on the city's referral list for further consideration in the hiring process. *Id.* at ¶ 25.

In his application, Van Hoose checked the option that stated, "I have an Associate's Degree from an accredited college supplemented by at least two years of journey level building trade work experience." *Id.* at ¶ 33. Under the resume section, Van Hoose listed his education as: Roosevelt University, Chicago, IL (computer science telecommunication, 1995-1997) and City Colleges of Chicago, Chicago, IL (architectural engineering). *Id.* at ¶ 34. Van Hoose listed

his work experience as: B&B Maintenance Inc. (janitor, 2002-August 2003-September), Property Manager (three flat six unit, December 1995-September 1997), Morgan Auto Repair (responsible for mechanical maintenance of foreign and domestic autos) and Pictorials Unlimited (photographer, September 1987-present).[1] *Id.* at ¶ 36. Easter reviewed the resume section of Van Hoose's application and determined that he did not meet either the educational requirements or the two years of journey level experience in skilled building construction or inspection necessary for the building/construction inspector position. *Id.* at ¶¶ 34-37. As a result, Easter noted in the computer system that Van Hoose was not qualified for the position and changed his application status to "rejected." *Id.* at ¶ 38.

Van Hoose did not include any information in his application concerning his age, race or color. *Id.* at ¶ 39. At the time that she reviewed Van Hoose's application, Easter had no knowledge of Van Hoose's age, race or color. *Id.* Easter never met or spoke with Van Hoose. *Id.* at ¶ 40.

On July 3, 2008, Van Hoose filed a charge of discrimination with the EEOC, contending that the city had not hired him for the inspector position in 2008 because of his race, color and age. *Id.* at ¶ 6. On August 26, 2008, the EEOC issued a dismissal and notice of rights letter. *Id.*

In September 2008, the Department of Buildings and the Department of Human Resources informed Easter that due to a hiring freeze, the open building/construction inspector

---

[1] During his deposition, Van Hoose stated that he obtained a two-year degree in Architectural Engineering from City Colleges of Chicago, completed a building trades apprenticeship in construction engineering and had experience as a "skilled laborer." *Id.* at ¶¶ 47-49. Because this information was not included in his application and thus was not available to Easter during her review, Van Hoose's additional education and work experience may not be considered. In addition, Van Hoose stated that he applied for several positions with the city, and that he was not hired for any of them. *Id.* at ¶ 42. Even if true, the complaint contains no allegations regarding prior alleged job applications.

4

position was suspended. *Id.* at ¶ 26. The referral list that Easter compiled following her review of the applications and served as the pool for hiring for the inspector position, expired on August 5, 2009. *Id.* at ¶ 27. The city did not hire an applicant from the referral list before the list expired. *Id.* at ¶ 28.

Van Hoose believes the city discriminated against him based on his age, race and color because he was not hired for several construction laborer and other laborer jobs with the Departments of Water Management and Streets and Sanitation and he had seen "other guys of other races and other nationalities doing [the jobs] that I know I had applied for" he believes "may be 10, 20 years younger." *Id.* at ¶ 42. In addition, Van Hoose contends that he met with Peter Oakley, a Chicago Commission on Human Relations employee, in 2008; he gave Oakley a copy of the job announcement. *Id.* at ¶ 45. Oakley advised Van Hoose that he believed the announcement was still current. *Id.* Van Hoose spoke with Oakley about 30 to 45 days after Van Hoose filed his on-line application. *Id.* Oakley neither participated in the application review process for the building/construction inspector position, nor met or spoke with Easter. *Id.* at ¶¶ 45-46.

## ANALYSIS

### I. Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The city bears the initial burden of showing that it is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). If satisfied, the burden shifts to

Van Hoose to show that a reasonable jury could render a verdict in his favor. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). Van Hoose may not rely upon allegations in his own pleading, but rather is required to set out specific facts through affidavits or other supporting materials to show a genuine issue for trial exists. Fed. R. Civ. P. 56(e). In considering the city's summary judgment motion, all facts and reasonable inferences are to be viewed in a light most favorable to Van Hoose. *Banks*, 2005 WL 2007227 at *1-*2. If the nonmoving party fails to comply with Local Rule 56.1, the burden on the moving party remains to show that it is entitled to summary judgment as a matter of law. *Raymond*, 442 F.3d at 608; *Banks*, 2005 WL 2007227 at *2.

## II. Race Discrimination

Van Hoose may prove race discrimination by either the direct or indirect method. *Raymond*, 442 F.3d at 610. The direct method is inapplicable in this case because there is no evidence "amount[ing] to an admission" that the city did not hire Van Hoose on the basis of his race or color. *Id; Titus v. Ill. Dep't of Transp.*, No. 06 C 2508, 2007 WL 2994079, at *5 (N.D. Ill. Oct. 11, 2007) (St. Eve, J.) (Titus failed to establish "an acknowledgment of discriminatory intent or circumstantial evidence that provides the basis for an inference of intentional discrimination") (quoting *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 939 (7th Cir. 2007). Accordingly, the court considers Van Hoose's race discrimination claim under the indirect method.

To establish a prima facie case of race discrimination, Van Hoose must establish that: (1) he is a member of a protected class; (2) he applied and was qualified for a job for which the city was seeking applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection,

6

the position remained open and the city continued to seek applicants from persons with Van Hoose's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). If Van Hoose satisfies his burden, the city must articulate a legitimate, nondiscriminatory reason for not hiring Van Hoose. *Raymond*, 442 F.3d at 610. If the city satisfies this burden, Van Hoose must show that the city's explanation is pretextual. *Id.*

While Van Hoose is a member of a protected class, there is no genuine issue of material fact regarding the second, third and fourth elements. With respect to the second and third elements, Van Hoose was not qualified for the building/construction inspector position. *Chelgren v. South Holland School Dist. No. 150*, No. 07 C 6931, 2009 WL 1789350, at *14 (N.D. Ill. June 24, 2009) (Pallmeyer, J.) (court found plaintiff not qualified for position when she first applied); *Luckett v. City of Milwaukee*, No. 05 C 0509, 2007 WL 4365797, at *1 (E.D. Wis. 2007) (Adelman, J.) (plaintiff not qualified for promotion). In his on-line application, Van Hoose stated that he met the job's minimum qualifications by checking the statement, "I have an Associate's Degree from an accredited college supplemented by at least two years of journey level building trade work experience." Def. Facts at ¶ 33. The resume section of his application, though, did not show that he had either the necessary education or experience for the position. *Id.* at ¶¶ 34-37. Van Hoose did not indicate in his application that he received an associate's degree from Roosevelt University or City Colleges of Chicago. *Id.* Taking into consideration his work experience as a janitor, property manager, photographer and automobile mechanic listed in his application, Easter determined that Van Hoose lacked the two years of journey level experience required for the position. *Id.* Van Hoose has not satisfied the second or third prongs of the *McDonnell* test.

The fourth prong of the *McDonnell* standard also has not been met. The city rejected Van Hoose's application on May 19, 2008. *Id.* at ¶ 38. The city stopped accepting applications for the position before that time on May 6, 2008. *Id.* at ¶ 16. The city placed the position on hold in September 2008 due to a hiring freeze, and no applicant was hired from the referral list prior to its expiration on August 5, 2009. *Id.* at ¶¶ 26-28. Van Hoose has not established that after his application was rejected, the city continued to seek applications or that the position remained open.

There is no evidence showing that the city knew of Van Hoose's race or color, and did not hire him on a discriminatory basis. *Robinson v. Adams*, 847 F.2d 1315, 1316 (9th Cir. 1987) ("[a]n employer cannot intentionally discriminate against a job applicant based on race unless the employer knows the applicant's race"), *cert. denied*, 490 U.S. 1105, 109 S. Ct. 3155, 104 L. Ed. 2d 1018 (1989). The on-line application did not require information regarding an applicant's race or color. *Id.* at ¶¶ 19, 39. At the time Easter reviewed Van Hoose's application and determined that he failed to meet the minimum qualifications for the position, she had no knowledge regarding his race or color. *Id.* at ¶ 39. Van Hoose never met or spoke with Easter. *Id.* at ¶ 40. While Van Hoose met and discussed the job announcement with Oakley, Oakley was not involved in reviewing the submitted job applications and never spoke or met with Easter. *Id.* at ¶¶ 45-46. Viewing the evidence in a light most favorable to Van Hoose, he has not satisfied his burden of showing a prima facie case of race discrimination. *Raymond*, 442 F.3d at 611.

## II. Age Discrimination

The ADEA provides, in relevant part, that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . ." 29 U.S.C. § 623(a)(1). Van Hoose must show by a preponderance of the evidence that his age was the reason that the city did not hire him for the building/construction inspector position. *Gross v. FBL Fin'l Services, Inc.*, – U.S –, 129 S. Ct. 2343, 2350-51, 174 L. Ed. 2d 119 (2009). The record is devoid of any evidence that the city knew of or considered Van Hoose's age in reviewing his employment application. While Van Hoose could have included his date of birth in the space provided on the application, he did not. Def. Facts at ¶ 39; Def. Exh. C000022. At the time Easter reviewed Van Hoose's application, she had no knowledge regarding his age. *Id.* at ¶ 39. The city did not hire Van Hoose because Easter determined that he did not meet the job's minimum qualifications. *Id.* at ¶¶ 34-38. In addition, Van Hoose has not shown that a similarly situated younger applicant was hired. *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-620 (7th Cir. 2000); Def. Facts at ¶¶ 26-28.

## CONCLUSION

For the reasons set forth above, the city's summary judgment motion is granted.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

November 12, 2010

9